**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Etop Morgan Ekwere,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Tracy Branch; Doctor Luiz Rodriguez;<br>Denise Williams; United States of America,<br><br>　　　　Defendants. | CV-04-0094-PHX-DGC<br><br>**ORDER** |

Pending before the Court are Defendants' motion to dismiss under Federal Rule of Civil Procedure 4(m) and Plaintiff's motion for extension of time for service of process. Docs. ##18, 26. Plaintiff filed this pro se action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging violation of his rights under the Eighth Amendment to the United States Constitution. Doc. #1, Counts #1-3. Plaintiff also filed a claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, for the tortious acts allegedly committed by its employees. *Id.,* Count #4.

Plaintiff claims that Defendants caused unnecessary pain and suffering through their deliberate delay in providing prompt medical care, resulting in the loss of his left eye. Doc. #1. Defendants argue that as Public Health Service Officers they are immune from suit for acts committed within the scope of their employment. They ask the Court to dismiss this action as to them and deny Plaintiff's motion for extension as moot. Doc. # 29.

In *Bivens*, the Supreme Court established a right for victims to recover damages for constitutional violations by federal officials. *See Bivens,* 403 U.S. at 390-97. The Court

1 noted two exceptions to this rule. *Id.* at 396-97. The pertinent exception for this case is
2 that a *Bivens* action may not be maintained when "defendants show that Congress has
3 provided an alternative remedy which it explicitly declared to be a substitute for recovery
4 directly under the Constitution and viewed as equally effective." *Carlson v. Green,* 466
5 U.S. 14, 18-19 (1980).

6 The Public Health Service Act provides that an action against the United States
7 under the FTCA is the exclusive remedy for

> personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment.

11 42 U.S.C. § 233(a). In *Carlson*, the Supreme Court cited this section as an example of a
12 statutory provision by which Congress has made the FTCA the sole remedy for an inmate
13 whose injuries were caused by Public Health Service Officers acting within the scope of
14 their employment. *See Carlson,* 466 U.S. at 20; *see also Kitchen v. United States*, 741
15 F.Supp. 182, 184 (D. Alaska 1989) (holding that, pursuant to § 233(a), the FTCA is the
16 exclusive remedy for medical malpractice claims against employees of the Public Health
17 Service.)

18 Defendants have filed a Notice of Substitution of the United States for Individual
19 Defendants Tracy Branch, Dr. Luiz Rodriguez, and Denise Williams (Doc. #28), attaching
20 a sworn declaration by U.S. Attorney Paul Charlton that these Defendants were "all Public
21 Health Service employees . . . acting within the scope of their employment" during the
22 events at issue in this case. Doc. # 28. Plaintiff does not dispute this fact, and even notes
23 in his complaint that each of the defendants was employed within a division of the Public
24 Health Services at the time of the alleged events. Doc. #1 at 4, 5, 6.

25 Because the FTCA claim against the United States constitutes the sole remedy
26 available to Plaintiff under § 233(a), Plaintiff cannot bring a *Bivens* action against
27 Defendants Branch, Rodriguez, or Williams. The claims against these Defendants will be
28 dismissed.

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss the individual Defendants (Doc. #18) is **granted**.

2. Plaintiff's Motion for Extension of Time for Service of Process (Doc. #26) is **denied**.

DATED this 28th day of November, 2005.

_____
David G. Campbell
United States District Judge