BL

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Etop Morgan Ekwere,             )     No. CV 04-0094-PHX-DGC (JRI)
                                )
    Plaintiff,              )     **ORDER**
                                )
vs.                             )
                                )
Luis Rodriguez, et al.,         )
                                )
    Defendants.             )
_____)

Plaintiff Etop Morgan Ekwere has filed a suit against the United States pursuant to the Federal Tort Claims Act (FTCA) (Doc. #4).  Defendant filed a Motion for Summary Judgment (Docs. ##41, 42).  This Court will grant the Defendant's motion and dismiss Plaintiff's action.

**I. Background**

Plaintiff, an immigration detainee, filed a *pro se* action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), alleging that Defendants Dr. Luiz Rodriguez, Tracy Branch, and Denise Williams, Public Health Service Officers, were deliberately indifferent to his serious medical needs (Doc. #4).  Plaintiff also sought relief pursuant to the FTCA against the United States for the tortuous actions committed by its employees (Id.).  In particular, Plaintiff alleged that on March 14, 2001, he informed the medical unit that he had glaucoma which needed to be treated (Id.).  Treatment was delayed, and when Plaintiff finally saw an Opthamalogist on May 2, 2001, he was informed that he was would lose his sight (Id.).  This Court dismissed the Bivens action and the individual Defendants (Docs. ##18, 40).  Defendant United States then filed a Motion for Summary

1 Judgment and argued that Plaintiff's FTCA claim was time-barred (Doc. #41). Defendant
2 attached Plaintiff's affidavit, various medical records, and Notice of Claim (Standard Form
3 95) (Doc. #42). Plaintiff was informed of the motion and his obligation to respond, but failed
4 to do so (Doc. #43).

**II. Motion for Summary Judgment.**

"Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

"The Federal Tort Claims Act ("FTCA") 'waives the United States' sovereign immunity for actions in tort' and permits claimants to sue the United States in district court after complying with administrative requirements." Vacek v. U.S. Postal Service, 447 F.3d 1248, 1254 (9th Cir. 2006). In particular, "[b]efore filing a lawsuit, a claimant must 'have first presented the claim to the appropriate Federal agency,' 28 U.S.C. § 2675(a), 'within two years after such claim accrues,' 28 U.S.C. § 2401.'" Id. "An FTCA claim 'accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causes.'" Bartleson v. United States, 96 F.3d 1270, 1277 (9th Cir. 1996).

Plaintiff first informed the prison about a pre-existing vision problem in March 2001 (Doc. #42, exs. A, C, D).[1] Plaintiff was subsequently referred to a specialist and diagnosed with uncontrolled glaucoma/end stage in his left eye (Id., exs. F, J). After returning from the Opthamology Consult, on May 2, 2001, Plaintiff informed the prison infirmary that the

---

[1] In the medical records, one particular entry was dated 3/19/05. This appears to be a clerical error.

- 2 -

doctor told him "it wouldn't be long before he loses his sight in the left eye and he will have to take care of his right eye until he loses that vision too" (Id., exs. G, H). On June 4 and 25, 2001, Plaintiff underwent two glaucoma surgeries (Id., exs. J, L). Plaintiff filed a Claim of Damage, Injury, or Death on June 30, 2003, and alleged that the prison neglected "to prioritize the prevention or treatment," resulting in a "total loss of his left eye and a partial loss of his right eye" (Id., ex. M).

Plaintiff informed the medical unit that he needed treatment for glaucoma on March 14, 2001. Plaintiff asserts that as a result of the delays, he was not seen for his glaucoma until May 2, 2001, at which time he was informed that the delay would result in the loss of his eyesight. Thus, Plaintiff was informed that he suffered an injury as a result in the delay in treatment on May 2, 2001, at which time his FTCA claim accrued. See Bartleson, 96 F.3d at 1276. Plaintiff then had two years to present his claim to the appropriate Federal agency. See Vacek, 447 F.3d at 1254. On June 30, 2003, more than two years later, Plaintiff filed a Claim of Damage, Injury, or Death (Doc. #42, ex. M). Accordingly, Plaintiff's FTCA is barred by the requisite limitations period and Defendant's Motion for Summary Judgment will be granted.

**IT IS ORDERED:**

(1) The Defendants' Motion for Summary Judgment (Docs. ##41, 42) is granted.

(2) Plaintiff's action is dismissed with prejudice.

(3) The Clerk of Court is directed to enter judgment in favor of Defendant.

DATED this 7th day of August, 2006.

David G. Campbell
United States District Judge